IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LATOYA LASHAY FLUDD and WANDA SUE BUTCHER, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHSTATE BANK, N.A., and DOES 1-100,<br><br>Defendants. | Civil Action No. 2:20-cv-1959-BHH |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court, having considered Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement and all supporting documents thereto (collectively, "the Motion") (ECF No. 109), and the Settlement Agreement and Release (the "Settlement Agreement"), hereby grants the motion and orders as follows:

1.      The defined terms in this order shall have the same meaning given such terms in the Settlement Agreement.

2.      The Court finds, on a preliminary basis, that the classes as defined in the Settlement Agreement, meet all the requirements for certification of a settlement under Rule 23 of the Federal Rules of Civil Procedure, and applicable case law. Accordingly, the Court provisionally certifies the following two settlement classes, composed of the following Class Members:

**Regulation E Settlement Class** – those customers who have or have had accounts with Defendant who incurred an overdraft fee(s) for ATM or non-recurring debit card

1

transaction(s) during the period beginning January 12, 2020, and ending on July 18, 2023.

**Repeat Fee Settlement Class** – those customers who have or have had accounts with Defendant who incurred more than one NSF fee, or an NSF fee followed by an overdraft fee, for the same item during the period beginning May 20, 2017, and ending on July 18, 2023.

3.  The Court provisionally appoints Latoya Lashay Fludd and Wanda Sue Butcher as Class Representatives.

4.  Plaintiffs will request bids for administration services from at least two separate claims administrators, with Defendant's written approval. The Court hereby appoints the lowest bidder as the Claims Administrator under the terms of the Settlement Agreement.

5.  For purposes of the Settlement Agreement, the Court provisionally finds that Richard D. McCune and Emily J. Kirk of the McCune Law Group, APC, Mark C. Tanenbaum of Mark C. Tanenbaum, P.A., and Richard A. Harpootlian of Richard A. Harpootlian, P.A., are qualified, experienced, and skilled attorneys capable of adequately representing the settlement classes, and they are provisionally approved as Class Counsel.

6.  This certification of preliminary settlement classes under this order is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of Defendant in this action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule, or common law. The entry of this order is without prejudice to Defendant's right to oppose class certification in this action, should the settlement not be approved or not be implemented for any reason, or to terminate the Settlement Agreement, as provided therein.

7.  The Court provisionally, and only for the purposes of this settlement, finds that the members of the classes are so numerous that joinder of all members would be impracticable, that

the litigation and proposed settlement raise issues of law and fact common to the class members, and these common issues predominate over any issues affecting only individual Class Members, that the claims of Latoya Lashay Fludd and Wanda Sue Butcher (the "Named Plaintiffs") are typical of the claims of the settlement classes, that in prosecuting this action and negotiating and entering into the Settlement Agreement, the Named Plaintiffs and their counsel have fairly and adequately protected the interests of the members of the settlement classes and will adequately represent the settlement classes in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

8. The Court has reviewed the Settlement Agreement and the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibits 1 and 2 to the Settlement Agreement) and finds that the settlement memorialized therein is fair and falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the settlement classes in the manner described in the Settlement Agreement. The settlement appears to be reasonable considering the risk inherent in continuing with litigation. The Court notes that the settlement is a non-reversionary one where no money will be returned to Defendant. The Court also notes that the settlement was the product of non-collusive, arm's length negotiation involving experienced counsel and neutral mediator.

9. The Court finds that the method of providing notice prescribed in the Settlement Agreement meets the requirements of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and complies with the requirements of the Constitution of the United States, and all other applicable laws.

10. For the purposes stated and defined in the Settlement Agreement, the Court herby

sets the following dates and deadlines:

| | |
|---|---|
| Deadline for Defendant to Transfer Settlement Fund to Claims Administrator | December 18, 2023 |
| Claims Administrator Sends Notice and Website Goes Live | January 10, 2024 |
| Last day to Opt-Out | February 9, 2024 |
| Motion for Final Approval and Attorneys' Fees Filed with Court | February 19, 2024 |
| Last day to Object | March 5, 2024 |
| Last day to file responses to objections and Class Counsel's and Defendants' Replies in Support of Motion for Final Approval and Attorneys' Fees | March 13, 2024 |
| Final Approval Hearing | March 20, 2024 |
| Filing by Claims Administrator of Final Report | Thirty days after last day for Class Members to cash checks has expired |

If one of the above dates/deadlines falls on a weekend, *i.e.* Saturday or Sunday, or Court holiday, the deadline will move to the next business day.

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the settlement classes, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

12. All costs incurred in connection with providing notice and settlement claims administration services to Class Members shall be paid from the Settlement Fund as provided for in the Settlement Agreement.

13. If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

14. The date and time of the Final Approval Hearing in this matter shall be March 20, 2024, at 10:00 a.m. EST.

4

It is so ordered this 27th day of November 2023.

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge